Sol Kaplan, Plaintiff, *v.* The Equitable Life Assurance Society of the United States, Defendant.*

Supreme Court, Special Term, Bronx County, November 28, 1940.

---

* Affd., 261 App. Div. 1067; motion for leave to appeal to Court of Appeals denied, 262 id. 727.

*Joseph Gluckman*, for the plaintiff.

*Alexander & Green*, for the defendant.

SHIENTAG, J. Plaintiff and defendant move for summary judgment. The facts are in the main undisputed. The action is by the plaintiff as assignee of a policy of life insurance, issued by the defendant on the life of one Gustave Breslauer, now deceased, in the sum of $10,000, to recover that amount, and also the sum of $3,200, representing disability benefits claimed to have become due January 1, 1934, and monthly thereafter up to the death of the insured.

The policy in suit was issued April 18, 1928, and included provisions for double indemnity and for disability benefits. At the option of the insured, premium payments in the sum of $141.20 were to be paid quarterly on the eleventh days of July, October, January and April in each year.

On December 16, 1933, the defendant mailed to the insured at his last-known post office address in Paterson, N. J., a premium notice. This notice was sent pursuant to the provisions of section 92 of the Insurance Law (now § 151) then in force. There is no denial of the fact that the insured received this premium notice.

On January 8, 1934, the defendant received at its home office an instrument dated January 2, 1934, assigning the policy in suit to the plaintiff. It appears that prior to the execution of the policy herein the plaintiff loaned to the insured the sum of $12,000, which was evidenced by a note executed by the insured and his wife. Payment of the loan was extended from time to time and a new note executed with each extension. On December 12, 1933, plaintiff obtained judgment against the insured in the sum of $14,650.05. On January 2, 1934, plaintiff entered into a written agreement with the insured whereby the latter assigned to the plaintiff the policy in suit, and the insured agreed to continue pay-

ment of premiums on the policy and at the same time to make certain payments to plaintiff on the judgment. After the assignment had been executed it was, as hereinbefore pointed out, mailed to the defendant and received by it on the 8th day of January, 1934.

The defendant did not mail a copy of the premium notice to the assignee, the plaintiff herein, after the insurer received notice of the assignment on January 8, 1934; but the defendant had already mailed a premium notice in accordance with section 92 of the Insurance Law to the insured, Breslauer, on the 16th day of December, 1933.

The quarterly premium of January 11, 1934, was not paid on or before its due date or within the period of grace provided for in the policy, nor at any time thereafter, and no tender of payment was ever made to the defendant.

On January 11, 1934, the policy was lapsed because of the failure on the part of the insured to pay the premium. On that date there was outstanding against the policy an indebtedness of $1,314.64, and as of that date, on the basis of premiums paid up to but not-including the quarterly premium of January 11, 1934, the cash surrender value of the policy was $1,315. After lapse, the total indebtedness was repaid out of the cash surrender value, in accordance with the terms of the policy, and the remaining value amounted to thirty-six cents. There was no election by the insured or the plaintiff of any option under the policy available upon surrender or lapse within three months after default in the payment of the premium of January 11, 1934, and, in accordance with the terms of the policy, the same was entitled to be continued as extended insurance in the face amount, less the total outstanding indebtedness to continue in force to January 11, 1934. In other words, the balance of the cash surrender value remaining after the repayment of the loan was so small that it would not purchase extended term insurance even for one day.

In support of its motion for summary judgment, plaintiff argues that defendant was required to send plaintiff, as assignee, notice of premium, as provided by section 92 of the Insurance Law, and that the failure of the defendant to give the required notice allowed plaintiff a period of one year's time from the default to pay the premium. The plaintiff then argues that no tender was necessary because a lapse of the policy and the declaration thereof within the year period was wrongful, resulting in waiver of tender or payment of premiums. The defendant, on its part, contends that, not having had any notice of the assignment until January 8, 1934, it was not required to give notice to the assignee of the premium due January 11, 1934, three days later, because it had already

given proper notice to the insured. Pursuant to section 92 of the Insurance Law, no life insurance corporation was permitted within one year after the default in payment of any premium to declare forfeit or lapse any policy issued or renewed by reason of non-payment of any premium required by the terms of the policy to be paid, unless notice shall have been duly addressed and mailed to the person whose life is insured, or the assignee of the policy, at his last-known post office address in this State, at least fifteen and not more than forty-five days prior to the day when the same is payable.

Accordingly, the defendant was required to give notice of the due date of premium at least fifteen days before and not more than forty-five days prior to the 11th day of January, 1934. The defendant did give notice to the insured on December 16, 1933, which was twenty-six days before the due date of the premium, January 11, 1934. The defendant did not, at the same time, give notice to the assignee, the plaintiff herein, for the obvious reason that the defendant did not have notice of the assignment of the policy to plaintiff until January 8, 1934, three days before the due date of the premium. In fact, the defendant could not comply with section 92 of the Insurance Law in so far as notice is concerned, because if it had given notice on January 8, 1934, to the assignee, it would have been less than fifteen days before the due date on January 11, 1934. In these circumstances, the defendant was not required to give notice to the assignee, and notice to the insured was sufficient compliance with the requirements of section 92 of the Insurance Law.

When the plaintiff accepted an assignment of the policy, he took it subject to the situation which obtained as between his assignor, the insured, and the defendant, and that, so far as his relationship to the defendant is concerned, he stood in no better position than did the assignor.

Moreover, the defendant was not even required to give notice to the insured, as at the time of the mailing of the notice the insured lived in New Jersey, and under section 92 of the Insurance Law, notice is required to be given to the insured or the assignee at his last-known post office address in this State. (See *Copp* v. *New York Life Ins. Co.*, 154 Misc. 33; affd., 244 App. Div. 712; leave to appeal denied, 268 N. Y. 722.)

However, even if it be assumed that a notice was required to be given to the assignee under the terms of section 92, if there was to be a lapse of the policy before the expiration of one year from the due date of the quarterly premium on January 11, 1934, the policy in this case would in any event lapse after the expiration of one year from the due date of the premium. In other words, if the

insurance company desires to lapse the policy before the expiration of a year from the due date of the premium, it is required to give notice to the insured or the assignee, as required by section 92 of the Insurance Law. On the other hand, if the insurance company does not desire to take advantage of the shorter period within which the policy may be lapsed, it may dispense with the giving of notice, and then the policy would become automatically lapsed one year after the due date of the premium. Here, the papers show that from the date that the insured failed to pay the premium on January 11, 1934, even down to the date of the institution of the action, nothing had been done affirmatively by the insured or the assignee to have the policy reinstated. When the action was commenced, more than a year's time had elapsed, and yet nothing was done by the plaintiff or his assignor. The defendant took no affirmative action directed at forfeiture. Therefore, without the notice, the policy stood automatically lapsed and forfeited in August, 1936, when the insured died, and when nothing had been done by the insured to have the policy reinstated. (*Adam* v. *Manhattan Life Ins. Co.*, 204 N. Y. 357; *Starker* v. *Prudential Ins. Co.*, 246 App. Div. 567.)

In view of the disposition thus reached, it is unnecessary to consider the other arguments advanced by the plaintiff that the lapsing of the policy was wrongful, and, therefore, waived the tender of premium. It has already been concluded that the lapsing was not improper within section 92 of the Insurance Law.

In so far as the disability claim is concerned, it is sufficient to say that there can be no recovery because no attempt has been made to establish a disability commencing prior to the lapse of the policy. When the disability did commence, the policy had already lapsed two years before because of the non-payment of premium.

Accordingly, the plaintiff's motion for summary judgment is denied, and the defendant's motion is granted. Settle order.