MAXWELL PINKOF et al., Appellants, v MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent.

Second Department, December 1, 1975

*Jacques J. Katz (Benjamin H. Siff* and *Thomas R. Newman* of counsel), for appellants.

*Samuel C. Cantor (John D. Eisner* of counsel), for respondent.

SHAPIRO, J. The defendant insurer moved for summary judgment dismissing the plaintiffs' complaint and the plaintiffs cross-moved for summary judgment in their favor. The Special Term granted the defendant's motion and denied the plaintiffs' cross motion; upon reargument the Special Term adhered to its original determination. The plaintiffs appeal from these orders and from the judgment in favor of the defendant entered thereon. We affirm.

The matter was submitted to Special Term upon an agreed statement of facts. The action was brought by the plaintiffs, Maxwell Pinkof and Irving Frankel, to recover benefits under a life insurance policy issued by the defendant to Harold Pinkof. The policy, which was a five-year renewable term policy, provided coverage in the amount of $10,000 on the life of Harold Pinkof.

The policy was issued and the initial premium payment accepted by the defendant on or about April 26, 1971. The initial premium payment was accepted by the defendant in reliance upon the written application of Harold Pinkof. The plaintiffs were the beneficiaries of the policy. The premiums were payable on a semiannual basis.

The second and later premiums on the policy were due at six-month intervals after the policy date of April 26, 1971, as indicated on the "specifications" page of the policy. Accordingly, the next semiannual premium was due and payable on October 26, 1971.

The policy provides:

"Premiums after the first are payable on each due date specified on page 3 occurring before the end of the premium period, which shall be reckoned from the Policy Date. No premium is payable if its due date is on or after the date of the Insured's death.

"Each such premium is payable' to the Company, either at its Home Office or elsewhere, through any agent or other person authorized by the Company to collect premiums, but only in exchange for a receipt signed by the Treasurer of the Company and by the person receiving the premium.

"If any premium after the first is not paid on or before its due date, or within a grace period of 31 days thereafter, during which period this Policy shall continue in force, this

Policy shall immediately terminate and have no further value."

The semiannual premium due October 26, 1971 was not paid by the insured or by any person acting in a representative capacity for him. The defendant failed to forward any premium or lapse notice indicating that a semiannual premium was due on October 26, 1971 to Harold Pinkof or to any person acting in a representative capacity for him.

Harold Pinkof died on November 24, 1972. By virtue of the grace-period provision of the policy, it concededly remained in force until the termination of 31 days after the premium-due date of October 26, 1971 through November 26, 1971, despite the nonpayment of the semiannual premium due on October 26, 1971. The defendant, after receiving notice of death, refused to furnish proof of loss forms as requested by the plaintiffs, on the ground that the policy was not in force at the time of Harold Pinkof's death.

The parties agree that the only issue in the case is whether the one-year extension of the policy, as provided for in section 151 of the Insurance Law in the event a written notice advising of nonpayment is not sent by the insurer, commenced on October 26, 1971, the due date of the semiannual premium, or on November 26, 1971, the last day of the 31-day grace period set forth in the policy.

Section 151 of the Insurance Law, adopted in 1939, provides, in subdivision 1, that no life insurance policy delivered or issued for delivery in this State shall terminate or lapse for default in payment of any premium *in less than one year after such default* unless a written notice, as provided in subdivision 2 thereof, was mailed at least 15 days and not more than 45 days prior to the date when due. The notice must state (1) the person to whom the premium is payable, (2) where payment is to be made and (3) that unless the premium is so paid "on or before the date when due or within the specified grace period thereafter" the policy will become void and forfeited. The question in this case is whether the inclusion in the notice of the language providing that payment made after the due date, *but within the specified grace period,* requires the *addition* of the same grace period to the one-year period during which termination or lapse of the policy is barred under subdivision 1 if the insurance company has failed to give the required notice. If the answer is "yes", the plaintiffs are entitled to recover the $10,000 coverage of the

life insurance policy on their deceased partner's life; if the answer is "no", they are not entitled to such recovery.

Since the notice specified in section 151 was not given by the insurer as to the second semiannual premium which was due on October 26, 1971, the policy continued in effect for at least one year after that date despite the nonpayment by the insured of that premium. As the insured died on November 24, 1972, it is necessary to determine whether the one-year period is to be measured from October 26, 1971 or from that date plus the 31-day grace period.

Former section 92 of the Insurance Law, the predecessor section of the present section 151, did not contain a reference to any grace period in its description of the notice required to be given by the insurer. It merely provided that if a life insurance company failed to give notice of premiums due at least 15 days and not more than 45 days prior to the day when the premiums became payable, such failure *only* barred any lapse or forfeiture of the policy "within one year from the failure to pay such premiums". The notice which it required the insurer to send the insured had to state only that "unless such premium * * * then due, shall be paid * * * by or before the day it falls due, the policy * * * will become forfeited and void".

The plaintiffs contend that the inclusion in section 151 of a requirement that the notice of default contain a reference to the grace period "bespeaks an awareness on the part of the Legislature of the decisions which held that a default which creates a forfeiture occurs when the premium is not paid on the due date and a desire by the Legislature to do something to change that situation." However, an examination of the legislative history of the changes made by the Legislature in the wording of section 151, as compared with its predecessor, reveals no such purpose. The discussions in the reports of the Joint Legislative Committee on Revision of Insurance Laws (NY Legis Doc, 1938, No. 77; NY Legis Doc, 1939, No. 101) contain no mention of the language change here under consideration or of the reason therefor. Rather, what they do mention is another change which extended the notice requirement to life insurance policies sold by out-of-State insurers and "delivered or issued for delivery in this state" (Insurance Law, § 151, subd 1).

Absent any indication in the legislative history of section 151 that the legislative intention contended for by the plain-

tiffs was in fact a motivating factor for the addition of the notice phrase "or within the specified grace period thereafter", an equally plausible explanation for the addition of that phrase is that the Legislature simply desired to conform the notice required to be given to the insured to the provision of the Insurance Law which gave an insured a specified period of grace beyond the date the premium became due.

Furthermore, if it had been the intention of the Legislature, by the addition of this phrase, to tack on an additional limited grace period to the period of one year during which it protected an insured from termination or lapse of his policy for his nonpayment of a premium because of the insurer's failure to give the statutorily required notice, it could easily have done so by adding, after the words "in less than one year", the phrase "plus the specified grace period", and gone on, as it did, "after such default". It did not do so. Instead, it contented itself with requiring the insurer to include in its notice a statement that the premium could be paid "on or before the date when due", or within the specified grace period, without subjecting the policy to a forfeiture.

Under the circumstances, since the defendant's policy of insurance was not in effect on the day that Harold Pinkof died, the conclusion of the Special Term that the plaintiffs are not entitled to recover on the policy should be affirmed, without costs.

MARTUSCELLO, Acting P. J., LATHAM, BRENNAN and MUNDER, JJ., concur.

Order of the same court, dated October 11, 1974, affirmed insofar as appealed from, and judgment of the same court, entered October 17, 1974, affirmed, both without costs.