OPINION OF THE COURT
William D. Friedmann, J.
RELEVANT FACTS
Plaintiff was insured, along with her husband, under a major medical policy, issued by defendant insurance company. By a letter dated September 28,1981, defendant was notified that her husband had reached the age of 65 years, the maximum covered age under the policy and that she desired to continue the policy in her own name. She also enclosed her quarterly premium for the last three months of 1981.
Defendant, in response on October 5, 1981, notified plaintiff, by letter, of the termination date of her husband’s policy (last day of December, 1981) and acknowledged payment by plaintiff for the last quarter of 1981. Another letter, dated November 4,1981, was sent to the plaintiff. In that letter defendant acknowledged and consented to plaintiff’s request to continue the policy in her own name, stating “coverage would terminate October 1, 1987 or sooner if premiums were not paid.” The letter of November 4, 1981 also set forth a reduced annual premium of $82.90 for the plaintiff’s policy. Thereafter, no other premium *217 notices or notice of cancellation were sent to plaintiff by the defendant. Plaintiff’s policy lapsed for nonpayment of premiums without notification to plaintiff on January 1, 1982. No application for reinstatement was made or received by the defendant during the 90-day grace period, as provided for in the insurance policy. Approximately a year and one half passed until defendant company was notified by plaintiff by letter, dated June 17,1983, that she wished to reinstate the policy, that she had discovered was never billed for her policy and wished to reinstate her policy, retroactive to January 1,1982. In her June 17,1983 letter, plaintiff enclosed a check for the back premiums due. Five days later, on June 22,1983, defendant returned plaintiff’s check, with a covering letter, refusing retroactive reinstatement of the policy and denying coverage for any accrued claims. Plaintiff was further informed that she could reinstate her policy only upon an application for a new policy, which policy would not have any retroactive coverage.
CONTENTIONS
The stipulated statement of facts indicates that plaintiff maintains that her major medical policy lapsed due to the fault of defendant insurance company. That it failed to send to her premium notices or any notice of cancellation. Therefore, plaintiff seeks retroactive reinstatement of her policy or damages in the amount of $1,500 for payment of claims for medical bills incurred while said policy lapsed due to defendant’s negligence.
Defendant claims plaintiff is not entitled to retroactive reinstatement of the policy for the following reasons:
(1) Under New York law, there is no requirement for an insurer to send premium notices or notice of cancellation in the event of nonpayment in an “Individual Accident & Sickness Policy.”
(2) The terms of plaintiff’s insurance contract do not require that such notices be given.
(3) Defendant insurer should not be estopped from denying coverage to plaintiff under the circumstances.
(4) Even if the insurer was under an obligation to give notice, the only consequence of failing to give notice would *218 be a one-year postponement of the lapse from the default day.
THE LAW
The court has examined a copy of the major medical policy involved and finds it is an “Individual Accident & Sickness Policy” as covered in section 164 of the New York Insurance Law.
Section 164 of the New York Insurance Law does not contain any requirement that a notice of premium or notice of cancellation be given upon nonpayment of premium or otherwise. However, the court has examined subdivision 1 of section 151 of the New York Insurance Law, which covers similar policies covering life and disability insurance, and finds the statute does contain a provision that “[n]o life insurance policy or non-cancellable disability insurance contract [will] lapse [based on a] default in [premium payment] unless * * * notice [is given to the insured]”. The only consequence of noncompliance with respect to a section 151 notice is that the lapse or termination is postponed until one year after the date of the default (Matter of Preston, 32 AD2d 110, revd on other grounds 29 NY2d 364). Further examination reveals that this one-year extension is timed as of the due date of the premium, not as of the last day of the additional grace period (Pinkof v Mutual Life Ins. Co., 49 AD2d 452, affd 40 NY2d 1003).
The only applicable time period stated in section 164 of the Insurance Law covering the policy involved here is section 164 (subd 3, par [A], cl [3]) which provides that a grace period of 31 days minimum be given for semiannual or annual polices for reinstatement in the case of a default. The policy involved here, by its terms, is more generous than the statutory provision, as it provides for a 90-day grace period for reinstatement.
The court holds that under the proper circumstances it would have the power to estop an insurance company from denying coverage to an insured when the lapse of such policy was caused by the insurance company’s own conduct (Lothrop v Allstate Life Ins. Co., 62 Misc 2d 962). However, plaintiff asks this court to reinstate her policy one and one-half years after it lapsed. The court will not extend the *219 policy period beyond the 90-day grace period, as provided in the policy. Plaintiff’s default was not caused by fraud or deception on behalf of defendant company, it merely neglected to send notice of premium due or cancellation. Plaintiff, on the other hand, made no inquiry about the status of her policy for one and one-half years.
On balance, it would be inequitable to require the defendant to extend the policy to cover the 18-month default period as requested by plaintiff. The court also notes that even if the court extended the termination date one year from the default date, as under policies covered by section 151 of the Insurance Law (life and disability coverage), it would not do plaintiff any good, as her policy would have lapsed six months before the date of her claim and thus be time barred.
Although the court under the facts of this case did not have to reach the question of whether the one-year extension provision of section 151 applies to accident and sickness policies, the court believes that under the proper circumstances the court would have the power to use a reasonable period of time such as provided for in section 151 of the New York Insurance Law to estop a negligent insurance company from denying coverage to an insured, when its failure to send a premium notice or cancellation notice caused a payment lapse of coverage due to nonpayment.
CONCLUSIONS
In this case, the court holds that plaintiff is not entitled to recover damages due to hospital confinement since her policy had lapsed for nonpayment some 90 days after the premium was due. Plaintiff’s expenses (damages) occurred some 15 months after the policy lapsed. Under any circumstances, this court is compelled to conclude that it does not have the power to extend her policy beyond the one-year provision of section 151 of the New York Insurance Law.
Judgment for the defendant. The complaint is dismissed without costs.
The court has no choice but to enforce the law as it is written and reach the above result. The Legislature, for whatever reason, has chosen to treat individual accident *220 and sickness policies in a different way than automobile, life and disability policies which require written cancellation notice to be sent to the policyholder in the event of nonpayment.
An individual accident and sickness policy does not provide that such notice be given. The individual who may be elderly, sick or disabled, must be vigilant and safeguard his own policy to make sure it does not lapse since he is not entitled to notice of premiums or to be informed the policy is canceled due to nonpayment.
In this era of advancing age, health care dependency and runaway health costs, it is the court’s sincere hope and desire that the Legislature enact corrective legislation requiring that notice of premium and cancellation be given to a policyholder such as required in other forms of insurance policies. Such notices would, in many instances, serve to alert the policyholder and avoid the harsh and unfortunate result as in this case.