(No. 64642.—

FIRST NATIONAL BANK OF DECATUR, Appellant, v. MUTUAL TRUST LIFE INSURANCE COMPANY, Appellee.

*Opinion filed March 30, 1988.*

Darrell E. Statzer, Jr., of Monroe, Wilson, Dyar, McDonald & Moss, of Decatur, for appellant.

Robert D. Owen and Robert M. Owen, of Owen, Roberts, Parish, Castleman & Owen, Ltd., of Decatur, for appellee.

JUSTICE WARD delivered the opinion of the court:

The plaintiff, First National Bank of Decatur, filed a complaint on September 24, 1985, in the circuit court of Macon County against the defendant, Mutual Trust Life Insurance Company, to recover as the assignee on a life insurance policy that had been given as collateral to the Bank by the insured. The defendant (hereafter, Mutual) forfeited the policy on September 16, 1983, after the insured had failed to pay the premium that was due May

1, 1983. The plaintiff (hereafter, the Bank) alleged that, as the assignee, it should have been notified by Mutual that a premium was due on the policy. The trial court allowed Mutual's motion to dismiss, stating that the complaint failed to state a cause of action. The appellate court, with one justice dissenting, affirmed (149 Ill. App. 3d 743), and we granted the Bank's petition for leave to appeal (107 Ill. 2d R. 315).

As this appeal is before the court on the defendant's motion to dismiss, all well-pleaded facts and all reasonable inferences from them will be considered as true. (*Katz v. Belmont National Bank* (1986), 112 Ill. 2d 64, 67; *Mein v. Masonite Corp.* (1985), 109 Ill. 2d 1, 7.) The complaint alleges that Mutual had issued a $100,000 insurance policy on the life of Angelo G. Drakos, to whom the Bank had made a loan. The life insurance policy was issued October 1, 1979. Drakos, on April 7, 1980, had assigned the right to the proceeds of the life insurance policy to the Bank as collateral for a $38,000 loan. The assignment was received and acknowledged by Mutual on April 14, 1980. Drakos died on May 16, 1985, and the Bank promptly filed a claim for his life insurance benefits.

Mutual notified the Bank that Drakos' policy had been terminated on September 16, 1983, for failure to pay the May 1, 1983, premium. The complaint alleges that the first the Bank learned of the termination of the policy was through this notice of forfeiture. The complaint alleges that Mutual had failed to notify the Bank, as the assignee, that a premium was due, which the plaintiff contends was required by section 234(1) of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 846). The complaint does not allege that Mutual failed to notify Drakos of the premium due, and the plaintiff acknowledged in oral argument that Drakos received notice of the premium due. The complaint also alleges

there has been a vexatious and unreasonable delay by Mutual in paying the proceeds of the policy.

The part of section 234(1) with relevance here provides:

"No life company doing business in this State shall declare any policy forfeited or lapsed within six months after default in payment of any premium installment or interest or any portion thereof, nor shall any such policy be forfeited or lapsed by reason of nonpayment when due of any premium, installment or interest, or any portion thereof, required by the terms of the policy to be paid, within six months from the default in payment of such premium, installment or interest, unless a written or printed notice stating the amount of such premium, installment, interest or portion thereof due on such policy, the place where it shall be paid and the person to whom the same is payable, shall have been duly addressed and mailed with the required postage affixed, to the person whose life is insured, or the assignee of the policy, (if notice of the assignment has been given to the company) at his last known post office address, at least fifteen days and not more than forty-five days prior to the day when the same is due and payable, before the beginning of the period of grace, ***. Such notice shall also state that unless such premium or other sums due shall be paid to the company or its agents the policy and all payments thereon will become forfeited and void, except as to the right to a surrender value or paid-up policy as provided for by the policy." Ill. Rev. Stat. 1983, ch. 73, par. 846(1).

Thus, the statute provides that the policy may not be forfeited or lapsed for nonpayment of premiums in less than six months of default where the insurer has given no premium-due notice, unless the surrender value of the policy or other policy provisions permit the insurance coverage to be extended beyond six months.

The insurance policy here provides:

"*Default.* Any premium after the first which is not paid on or before its due date is in default. The policy will then

terminate except as provided under the Grace Period, Automatic Premium Payment, and Non-Forfeiture Provisions."

The Bank contends that, as the assignee of the policy, it was entitled to a notice of premium due from Mutual under section 234(1) before the policy could be forfeited or lapsed. A premium-due notice sent to the insured was not sufficient, the Bank argues, because Mutual had been notified of the assignment of the policy to the Bank, and section 234(1) expressly provides that the assignee of a policy is entitled to receive notice where the insurer has knowledge of the assignment. Thus, the Bank says, Mutual prematurely forfeited the policy on September 16, 1983, when the six-months period required by statute prior to forfeiture had not elapsed.

Mutual's answer to the Bank is that section 234(1) is inapplicable and does not preserve the Bank's action for benefits under the insurance policy. The policy was in default, Mutual says, when neither the Bank nor the insured paid the premium that was due May 1, 1983. When the premium went unpaid, Mutual, in order to extend the coverage of the insured, exercised one of the policy's nonforfeiture provisions and purchased term insurance through the cash surrender value provision and dividends then available under the policy. This term insurance expired September 16, 1983, at which time Mutual declared the policy forfeited. Mutual argues that it would be unreasonable to interpret section 234(1) to provide an "indefinitely-long grace period if adequate premium due notices are not sent." Mutual says the Bank, as the assignee, should have been diligent and kept itself informed in order to protect its collateral security. Even if the declaration of forfeiture on September 16, 1983, was premature, Mutual argues, when the default in payment extended beyond six months, it was then irrelevant that a premium-due notice had not been given.

It is clear by the terms of section 234(1) that Mutual could take steps to forfeit after six months of default in the premium. The issue for decision here under the facts is not whether the forfeiture declaration by Mutual on September 16, 1983, was premature. The real question is the consequence of noncompliance by Mutual with the premium-due notice requirement of section 234(1) when more than six months had elapsed following the insured's default in payment of the premiums and following an extension of coverage through term insurance.

"The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature, and that inquiry appropriately begins with the language of the statute. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40.)" (*Metropolitan Life Insurance Co. v. Washburn* (1986), 112 Ill. 2d 486, 492.) Section 234(1) prohibits a life insurance company from declaring a forfeiture or lapse of a policy in less than six months of a default in payment of a premium unless the required premium-due notice has been given to the insured or, as here, to the assignee of the policy. The statute by its terms required that Mutual, having knowledge of Drakos' assignment to the Bank, give a premium-due notice to the Bank, as the assignee, before it could declare the policy forfeited or lapsed or treat it as forfeited or lapsed within six months of a default. (See also Ill. Rev. Stat. 1983, ch. 73, par. 857.1 (specifying the rights of assignees of insurance policies).) Mutual, in its response to the Bank's complaint for the benefits under Drakos' policy, stated that when the May 1, 1983, premium was not paid, it applied the cash surrender value provision and dividends then available and was able to continue the policy coverage as term insurance until September 16, 1983. Thus, Mutual viewed the policy forfeited on September 16, 1983. This forfeiture occurred less than six months from the time that the premium was considered in default un-

der the policy's terms. But, whether the forfeiture was premature is not controlling here, as we point out above. We are concerned with the consequence of noncompliance with section 234(1) when more than six months have elapsed since the default in premium.

Considering the terms of section 234(1), we hold that though an insurance company fails to provide the premium-due notice required by section 234(1), when the policy has remained in default for six months plus any period of extended coverage made possible by the policy's provisions, as was the case here, the policy is subject to forfeiture.

Our enactment of a premium-due notice statute concerning life insurance policies is not novel. A number of other jurisdictions, similar to Illinois, provide there can be no forfeiture or lapse of a life insurance policy within a stated period of time, unless an insurer provides written notice of the premium due to the persons required by statute. New York, North Carolina, and Louisiana provide for a one-year period, while Kansas specifies a six-month period during which no forfeiture or lapse may occur without the insurer first providing notice to the insured and others required by the statute. (N.Y. Ann. Ins. Law §3211 (McKinney Supp. 1988); N.C. Gen. Stat. ch. 58, §58—207 (1982); La. Stat. Ann. Rev. Stat. §22:177 (West 1978); Kan. Stat. Ann. ch. 40—411 (1986).) The Kansas statute also provides that any attempt by the insurer, within six months after default in the payment of any premium, to cancel or forfeit a policy without the required notice shall be void. (Kan. Stat. Ann. ch. 40—411 (1986).) In construing the Kansas statute, however, the court in *Miner v. Standard Life & Accident Insurance Co.* (10th Cir. 1971), 451 F.2d 1273, held that the notice and forfeiture provision has no application where the default in premium payments has been longer than six months, the period of grace.

Our holding is in agreement with decisions in those jurisdictions with similar statutes. See *Miner v. Standard Life & Accident Insurance Co.* (10th Cir. 1971), 451 F.2d 1273; *Atkinson v. Metropolitan Life Insurance Co.* (1939), 234 Mo. App. 357, 361, 131 S.W.2d 918, 920; *Pinkof v. Mutual Life Insurance Co.* (1975), 49 A.D. 2d 452, 375 N.Y.S.2d 618, *aff'd* (1976), 40 N.Y.2d 1003, 359 N.E.2d 1001, 391 N.Y.S.2d 411; *Kaplan v. Equitable Life Assurance Society of the United States* (1940), 177 Misc. 792, 31 N.Y.S.2d 972, *aff'd* (1941), 261 A.D. 1067, 27 N.Y.S.2d 780; see also 14A Appelman, Insurance Law & Practice §8161, at 208-09 (1985); 5 Couch, Insurance Law §30:124, at 710-11 (2d ed. 1984).

As we have determined that the policy was properly terminated, we need not address the Bank's contention of a vexatious and unreasonable delay by Mutual in paying the policy's proceeds.

For the reasons given, we affirm the appellate court's judgment affirming the trial court's dismissal of the complaint.

*Appellate court affirmed;*
*circuit court affirmed.*