No. 2--01--1349

_________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

ROBERT J. NELSON,             ) Appeal from the Circuit Court

) of Lake County.

     Plaintiff-Appellee,        )

                                )

v.                              )  No. 00--MR--1088

                                )

OLD LINE LIFE INSURANCE         )

COMPANY OF AMERICA,             
           )  Honorable 

                           ) Stephen E. Walter,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Old Line Life Insurance Company of America, appeals the circuit court's judgment in favor of plaintiff, Robert J. Nelson.  The trial court ruled that defendant was liable to pay plaintiff the proceeds of a $200,000 life insurance policy.  On appeal, defendant argues that it was not liable under the policy because the insured's death occurred more than six months after the policy had lapsed due to the insured's failure to pay the premium.  See 215 ILCS 5/234(1) (West 2000)).  We reverse.

In May 1995, defendant issued a $200,000 life insurance policy to plaintiff's wife, Wendy Nelson.  The insured named plaintiff as the beneficiary of the policy.  Premium payments were due May 1 and November 1 of each year.  The policy provides a 31-day grace period for late premium payments.  The provision states that the policy will remain in force during the grace period, but if the premium "is not paid by the end of this period, insurance will cease."  Another provision of the policy provides that "[a]ny premium, after the first, not paid on or before its due date will be in default.  Such due date will be the date of default."

The insured paid all premiums due through May 1, 1999.  On October 10, 1999, defendant sent the insured a notice that the premium was due on November 1, 1999.  However, the insured did not pay the premium.  On November 21, 1999, defendant sent a notice reminding the insured that the premium was past due.  Finally, on December 31, 1999, defendant sent the insured a notice that the policy had been terminated.  Wendy Nelson died on May 23, 2000.  Plaintiff made a claim to receive the $200,000 death benefit under the policy, and defendant refused to pay plaintiff.  Plaintiff then filed this declaratory judgment action seeking a determination that he was entitled to receive the death benefit.

In the trial court, plaintiff relied on section 234(1) of the Illinois Insurance Code (the Code) (215 ILCS 5/234(1) (West 2000)).  Section 234(1) provides in pertinent part as follows:

"No life company doing business in this State shall declare any policy forfeited or lapsed within six months after default in payment of any premium installment or interest or any portion thereof, nor shall any such policy be forfeited or lapsed by reason of nonpayment when due of any premium, installment or interest, or any portion thereof, required by the terms of the policy to be paid, within six months from the default in payment of such premium, installment or interest, unless a written or printed notice stating the amount of such premium, installment, interest or portion thereof due on such policy, the place where it shall be paid and the person to whom the same is payable, shall have been duly addressed and mailed with the required postage affixed, to the person whose life is insured *** at least fifteen days and not more than forty-five days prior to the day when the same is due and payable, before the beginning of the period of grace ***.  Such notice shall also state that unless such premium or other sums due shall be paid to the company or its agents the policy and all payments thereon will become forfeited and void, except as to the right to a surrender value or paid-up policy as provided for by the policy."  215 ILCS 5/234(1) (West 2000).

Plaintiff argued that the notices defendant sent to the insured did not comply with section 234(1) of the Code.  Relying on 
First National Bank v. Mutual Trust Life Insurance Co.
, 122 Ill. 2d 116, 122 (1988), plaintiff argued that a life insurance policy is forfeited under section 234(1) only when a premium remains unpaid for "six months plus any period of extended coverage made possible by the policy's provisions."  Plaintiff argued that the policy's 31-day grace period was a "period of extended coverage" and, therefore, the six-month provision of section 234(1) did not begin to run until the end of the policy's grace period.  Plaintiff argued that, because the insured died within six months of the end of the grace period, the policy remained in force and plaintiff was entitled to the proceeds.  The trial court agreed and awarded plaintiff the death benefit.  Defendant timely appeals.

On appeal, defendant concedes that the notices it sent to the insured did not comply strictly with section 234(1) of the Code.  Defendant contends that, despite the deficiencies of its notices, section 234(1) expressly granted it the authority to cancel the insured's policy six months following the "date of default."  Defendant notes that its policy with the insured unambiguously defines the date of default as the date a premium is due and unpaid.  Thus, defendant argues, its cancellation became effective on May 1, 2000, which was six months after the November 1 due date for the payment of the premium.  Because the insured died more than six months after the November 1, 1999, premium was missed, defendant argues that the policy was forfeited and plaintiff was not entitled to recover the death benefit.  Defendant argues that the trial court erred in relying on 
First National Bank
, which defendant contends is factually distinguishable.

A resolution of defendant's contention requires a construction of section 234(1) of the Code and the language of the insured's life insurance policy.  
In construing a statute, a court must ascertain and give effect to the legislature's intent in enacting the statute.  
Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund
, 155 Ill. 2d 103, 110 (1993).  The statutory language is usually the best indication of the drafters' intent, and the language should be given its plain, ordinary, and popularly understood meaning.  
Collins
, 155 Ill. 2d at 111.  The construction of a statute is an issue of law that we review 
de novo
.  
In re Detention of Lieberman
, 201 Ill. 2d 300, 307 (2002).

Similarly, i
n construing an insurance policy, the main objective is to ascertain the parties' intentions as expressed in the agreement.  
SCR Medical Transportation Services, Inc. v. Browne
, 335 Ill. App. 3d 585, 591 (2002).  If the provisions of a policy are clear and unambiguous, they must be given their plain, ordinary, and popular meaning.
  
Browne
, 335 Ill. App. 3d at 591; 
Wausau Insurance Co. v. All Chicagoland Moving & Storage Co.
,
 333 Ill. App. 3d 1116, 1124 (2002).
  The construction of an insurance policy is a matter of law subject to 
de novo
 review.  
Wausau Insurance
, 333 Ill. App. 3d at 1124.

Section 234(1) plainly provides that a life insurance policy may not be forfeited within six
 months of the date of "default."  215 ILCS 5/234(1) (West 2000).  The insured's policy, in turn, defines the date of default as the date a premium payment is missed.  Therefore, under the plain language of section 234(1) and the policy, defendant could lawfully cancel the insured's policy after the insured failed to pay the premium within six months of the date  that it was originally due.  Here, the premium was due on November 1, 1999.  The insured failed to pay the premium by this date and the policy was in default.  After the insured failed to pay the premium by May 1, 2000, which was six months after the date of default, defendant could lawfully cancel the policy under section 234(1) of the Code.  Therefore, the policy was no longer in effect at the time of the insured's death on May 23, 2000, and defendant was not obligated to pay plaintiff the death benefit.

Relying again on 
First National Bank
, plaintiff argues that the 31-day grace period under the policy postpones the start of the six-month statutory period under section 234(1).  In 
First National Bank
, an insurance company applied the accumulated cash value of a life insurance policy to pay the missed premiums and extend the coverage, as the policy allowed.  In determining at what point the policy was forfeited under section 234(1), the Illinois Supreme Court stated that a forfeiture occurred when the premium remained unpaid for "six months plus any period of extended coverage made possible by the policy's provisions."  
First National Bank
, 122 Ill. 2d at 122.  The "extended coverage" referred to in 
First National Bank
 was clearly the additional coverage purchased by using the policy's cash value or "paid up" provisions.  The court's opinion makes no reference to a 31-day grace period as an "extended coverage" for purposes of section 234(1) and we reject plaintiff's assertions that such a conclusion may be inferred from the opinion's language.  Moreover, as defendant notes, the court's interpretation of section 234(1) was 
dicta
, as the insured in 
First National Bank
 died long after the six-month period ended.  
First National Bank
, 122 Ill. 2d at 118, 121-22.  For these reasons, 
First National Bank
 does not govern the facts before us.  Indeed, our research has uncovered no case holding that a 31-day grace period operates as extension of coverage.  See generally 
Estate of Blakely v. Federal Kemper Life Assurance Co.
, 267 Ill. App. 3d 100, 110 (1994)
 (holding that decedent's overpayment of premiums during the policy's first year extended coverage so that the policy would not have lapsed at the time of his death); see also 
Hall v. Metropolitan Life Insurance Co.
, No. 95--C--2718 (N.D. Ill. 1998)
.

In what is apparently the only case involving this precise fact situation, a New York court held that a one-year statutory nonforfeiture provision began to run from the date of default, not from the end of the policy's grace period.    
Pinkof v. Mutual Life Insurance Co. of New York
, 49 A.D.2d 452, 375 N.Y.S.2d 618 (1975).  
Pinkof
  involved the interpretation of a statute similar to section 234(1) of the Code.  In that case, the insured failed to pay a premium and then died more than a year after missing the premium payment, but less than a year after the grace period had expired.  Finding that the policy had been forfeited, the 
Pinkof
 court observed that, if the New York legislature had intended for the statutory period to begin after a default plus the policy's grace period, it could easily have said so.  
Pinkof
, 49 A.D.2d at 456, 375 N.Y.S.2d at 621.

Although we are not bound by 
Pinkof
, we find its analysis persuasive because it is predicated upon statutory construction of a similar statute and gives effect to the statute's plain language.  The Illinois Supreme Court has repeatedly expressed its preference for construing a statute according to its plain language.  See, 
e.g.
, 
Collins
, 155 Ill. 2d at 111.  In our view, the 31-day grace provision in the insured's policy and the statutory nonforfeiture provision clearly serve separate functions.  The policy provision applies where the insurance company provides adequate notice that the premium is due.  The six-month statutory provision contained in section 234(1) is an alternative period that applies where the insurer does not provide acceptable notice.  Plaintiff offers no persuasive policy reason for tacking these provisions onto one another.

Plaintiff alternatively contends that we should not defer to the policy's definition of "date of default."  According to plaintiff, doing so would allow insurance companies to employ "creative drafting" to circumvent section 234(1)'s six-month nonforfeiture provision.  However, far from being an attempt at "creative drafting," the defendant's policy simply gives the phrase its commonly accepted meaning.  See Black's Law Dictionary 428 (7th ed. 1999) (default means "the failure to pay a debt when due").  The words of an insurance policy generally should be given their plain and ordinary meaning, and plaintiff has not suggested any reason to depart from that meaning here.  We reject plaintiff's suggestion that defendant had attempted to avoid the application of section 234(1).  Rather, for the reasons detailed above, we hold that the trial court erred in ruling that defendant was liable to pay plaintiff the death benefit under the insured's policy.

 For the foregoing reasons, the judgment of the circuit court of Lake County is reversed.

Reversed.

CALLUM and GILLERAN JOHNSON, JJ., concur.