McCooe, J.
(dissenting). I respectfully dissent. Plaintiffs assignor was injured on July 27, 1998 when she was struck by a motor vehicle. She filed a claim for no-fault benefits and a physician examined her on behalf of the defendant insurer. It sent a denial of claim form to plaintiffs assignor stating that “all” further orthopedist benefits would be denied effective January 26, 1999.
On April 12, 1999 plaintiff assignee submitted a bill for physical therapy through February 8, 1999 (and continuing) in the amount of $2,920.66 in connection with the injury. Defendant made a partial payment of $2,469.83 for the services rendered up to January 26, 1999 and issued a partial denial of claim dated July 28, 1999. Plaintiff assignee seeks payment of the balance totaling $450.83.
The issue is whether the defendant insurer was required to send a second denial of claim within 30 days. The majority contends that the 30-day denial of claim rule applies to the claim.
The purpose of time limitations in the No-Fault Law denial of claim procedure is “avoiding prejudice to insureds by providing for prompt payment or disclaimer of claims” (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 284 [1997]). “ ‘[I]n the interpretation of statutes, the spirit and purpose of the act and the objects to be accomplished must be considered. The legislative intent is the great and controlling principle.’ (Ferres v City of New Rochelle, 68 NY2d 446, 451 [1986], quoting People v Ryan, 274 NY 149, 152 [1937])” (Matter of Long v Adirondack Park Agency, 76 NY2d 416, 422 *325 [1990]). There was no prejudice shown to the injured party. Quite the contrary. She was given notice in advance that payment for services would be terminated on a certain date and payment would be contested if she continued to incur the expense. Nevertheless she continued to receive the service. There was no requirement for the insurer to notify her again of a fact that she was aware of. She is charged with knowledge that at the time she filed the claim that it would be denied. A second denial would be redundant.
The plaintiff stands in the shoes of its assignor. “It is settled law that an assignee stands in the shoes of its assignor and assumes all the conditions and liabilities of the assign [or]” (Comprehensive Foot Care Group v Lincoln Natl. Life, 135 Misc 2d 862, 869 [Civ Ct, NY County 1987, Lebowitz, J.], citing Kaplan v Equitable Life Assur. Socy., 177 Misc 792 [1940], affd 261 App Div 1067 [1st Dept 1941]). This assigned claim is not “regulated by special provision of law” (General Obligations Law § 13-105). The term regulation means restriction. There is no regulation on an assignment of a no-fault claim such as for a negligence action or under section 29 of the Workers’ Compensation Law.
The dissent has only considered the one issue raised and considered by the parties.
The order should be affirmed denying summary judgment and a hearing directed on the issue as to whether the therapy was necessary.
Suarez, P.J., and Schoenfeld, J., concur; McCooe, J., dissents in a separate memorandum.