■ BENJAMIN WEISS, Appellant, v SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent. (And a Third-Party Action.) [45 NYS3d 169]—

In an action for a judgment declaring that a life insurance policy is in full force and effect, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated May 20, 2014, which denied his motion for summary judgment declaring that the life insurance policy is in full force and effect, and granted the defendant's cross motion for summary judgment, in effect, declaring that the policy is no longer in full force and effect.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment making the appropriate declaration in accordance herewith.

On or about March 17, 1999, the defendant issued a whole life insurance policy to Aaron Silberstein, insuring the life of Agi Weiss in the face amount of $1,000,000. On June 20, 2001, Silberstein assigned ownership of the life insurance policy to the plaintiff. On or about October 16, 2008, the defendant mailed a premium notice to the plaintiff that included the premium due date of November 5, 2008, and the amount due. The premium notice also included, among other things, a warning to the plaintiff that, "[u]nless payment of the AMOUNT DUE indicated on the reverse side of this premium notice is made on or before the DATE DUE indicated or within the grace period specified in your policy, the policy shall terminate or lapse except as to the right to any cash surrender value or nonforfeiture benefit." On or about November 19, 2008, the defendant mailed a notice to the plaintiff informing him that the premium had not been paid, and that if it was not paid within a 30-day grace period, the nonforfeiture provisions of the insurance policy might apply. In a subsequent notice dated January 13, 2009, the defendant informed the plaintiff that the premium still had not been paid, and that in accordance with the terms of the insurance policy, the defendant had continued "extended term insurance" through June 25, 2009, on which date the policy would terminate.

Thereafter, by letter from his attorney dated June 10, 2011, the plaintiff contacted the defendant in an attempt to reinstate the policy. He argued, inter alia, that the November 19, 2008, notice failed to apprise him that the policy would lapse if the premium was not timely paid, as required by Insurance Law § 3211 (b). After the defendant refused to reinstate the policy without a formal application by the plaintiff accompanied by payment of all past due premiums, plus interest, the plaintiff commenced this action for a judgment declaring that the policy

was in full force and effect. Subsequently, the plaintiff moved for summary judgment declaring that the policy is in full force and effect, and the defendant cross-moved for summary judgment, in effect, declaring that the policy is no longer in full force and effect. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion.

Despite the defendant's contentions to the contrary, because the instant action is one for a declaratory judgment, rather than to recover on the policy, it is not time-barred by the two year statute of limitation contained in Insurance Law § 3211 (d) (*see Thompson v Postal Life Ins. Co.*, 226 NY 363, 369 [1919]; *see also Lebovits v PHL Variable Ins. Co.*, 2014 WL 1312073, *2, 2014 US Dist LEXIS 42552, *4 [ED NY, Mar. 28, 2014, No. 12-CV-6397 (FB) (RML)]). Nonetheless, the Supreme Court properly denied the plaintiff's motion for summary judgment and granted the defendant's cross motion for summary judgment.

Regardless of whether the premium notice mailed by the defendant to the plaintiff complied with the statutory requirements relied upon by the plaintiff (*see* Insurance Law § 3211 [b]), the policy lapsed by its terms, and in accordance with the statute (*see* Insurance Law § 3211 [a] [1]), one year after the due date of the missed premium payment, that is, on November 5, 2009, due to the plaintiff's failure to seek reinstatement of the policy before the expiration of that one-year period (*see Dobbs v First Alexander Hamilton Life Ins. Co.*, 231 AD2d 959 [1996]; *Pinkof v Mutual Life Ins. Co. of N.Y.*, 49 AD2d 452 [1975], *affd* 40 NY2d 1003 [1976]). The plaintiff's argument that this contention was improperly raised for the first time on appeal is without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of an appropriate declaratory judgment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.