ILLINOIS CASUALTY COMPANY, Plaintiff-Appellant, *v.* MARY TURPEN *et al.*, Defendants-Appellees.

Third District No. 79-442

Opinion filed April 29, 1980.—Rehearing denied June 23, 1980.

James E. Bowles, of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

Ross M. Canty, of Wenona, and Kenneth L. Strong, of Thompson & Strong, of Pontiac, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Illinois Casualty Company filed a complaint for declaratory judgment in the circuit court of Putnam County to determine its rights and obligations under certain insurance policies issued to defendants Bernice and Robert McLean in conjunction with the operation of the Wagon Wheel Tavern and Restaurant in Magnolia, Illinois. After a bench trial, the court held that plaintiff had an obligation to defend and indemnify the above defendants as to two of three counts of the related cause, and plaintiff perfected this appeal.

On August 31, 1977, defendant Mary Turpen filed a three-count complaint in the circuit court of Putnam County against defendants

McLean and others seeking compensatory and exemplary damages for various personal injuries. The complaint alleges the injuries were sustained as a result of Turpen being "assaulted" by Robert McLean the evening of March 5, 1977, at the tavern and restaurant. Count I of the pleading alleges that Bernice McLean was negligent in failing to fulfill certain duties and in retaining Robert and allowing him to conduct the alleged assault. Count II alleges that Bernice sold or gave Robert alcoholic beverages which caused him to become intoxicated and that the alleged intoxication was the cause of Turpen's injuries within the meaning of the Liquor Control Act. (Ill. Rev. Stat. 1977, ch. 43, par. 135.) Count III of the complaint frames the alleged occurrence in terms of wilful and wanton misconduct, and no error is assigned to the trial court's finding that plaintiff has no duty to defend or indemnify defendants McLean as to this count.

On appeal plaintiff contends the decision of the trial court is contrary to the manifest weight of the evidence. Before addressing this ultimate question, we must first consider defendant Turpen's contention that the existence of an insurer's duty to defend must be determined on the basis of the pleadings in the action potentially occasioning insurance coverage. The general rule is well stated in *Thornton v. Paul* (1978), 74 Ill. 2d 132, 144, 384 N.E.2d 335, 339:

> "As a general rule, the duty of an insurer to defend an action brought against the insured is to be determined solely from the allegations of the complaint. If the complaint alleges facts within or potentially within policy coverage, the insurer is obliged to defend even if the allegations are groundless, false, or fraudulent. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187; 7A J. Appleman, Insurance sec. 4683 (Supp. 1974).) In addition, in Illinois the duty is not annulled by the knowledge of the insurer that the allegations are untrue."

■■ In the case at bar, the trial court considered both the allegations of the complaint and the evidence presented at the bench trial of the cause. Defendant interposed no objection to this procedure at trial nor in her motion after judgment, but avails herself of the benefit of the well-established rule permitting an appellee to defend a judgment on review by raising an issue not previously ruled upon by the trial court, where the necessary factual basis for the determination of the issue is contained in the record. *E.g., Kravis v. Smith Marine, Inc.* (1975), 60 Ill.2d 141, 324 N.E.2d 417.

■■ Plaintiff contends that it would be incorrect to ignore evidence presented to the trial court, pointing out that the court considered both testimony and written statements in *Farmers Automobile Insurance Association v. Medina* (1975), 29 Ill. App. 3d 224, 329 N.E.2d 430. While

evidence was considered by the *Medina* court, the question of the propriety of the procedure whereby the trial court interpreted an exclusionary clause was apparently never raised by the parties litigant nor considered by the court. We therefore find that the duty to defend in the case at bar should be determined on the basis of the allegations of the underlying complaint.

Count I of the complaint alleges in pertinent part:

"5. That Defendant, BERNICE McLEAN, did then and there owe a duty to Plaintiff and others lawfully upon Defendant's premises to keep the premises reasonably safe for her customers and patrons, but notwithstanding Defendant's duty as aforesaid, she was nevertheless guilty of one or more of the following acts of negligence or negligent omissions:

A. Struck beat and assaulted Plaintiff by and through her agent, servant and employee, ROBERT McLEAN.

B. Negligently and carelessly failed to supervise and maintain order on the premises.

C. Negligently and carelessly employed, retained or left in charge of the premises a person, to-wit, ROBERT McLEAN, with vicious propensities.

D. Failed to keep her premises reasonably safe for Plaintiff.

6. That as a direct and proximate cause and result of one or more of the above and foregoing acts of negligence or negligent omissions, the Plaintiff, MARY TURPEN, was attacked and beaten up by Defendant BERNICE McLEAN's employee, to wit, ROBERT McLEAN, while he was in the course of his employment.* * *"

Plaintiff contends that this is not the type of "occurrence" for which it has contracted to pay its insured. The subject general liability policy defines an "occurrence" as follows:

"'occurrence' means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

Plaintiff contends that Robert McLean's "efforts in restraining Mary Turpen" were obviously intentional and clearly could be expected to result in bodily injury.

The exclusionary clause interpreted by the court in *Farmers Automobile Insurance Association v. Medina* (1975), 29 Ill. App. 3d 224, 228, 329 N.E.2d 430, 431, also provided no policy coverage for damage or injury either "expected or intended from the standpoint of the insured." After reviewing the interpretive decisional law, the court concluded:

"In summation, the courts uniformly hold coverage under an

exclusionary clause identical to or similar to the one before us is afforded where the injury was the unintended result of an intentional act." *Farmers Automobile Insurance Association v. Medina* (1975), 29 Ill. App. 3d 224, 228, 430, 329 N.E.2d 433.

Alleged as the basis of liability in count I of the underlying complaint are four negligent acts or omissions of Bernice McLean. As three of the four operative negligence characterizations impute no intentionality to the alleged "assault," the resultant injury would appear to be at most an unintended result of those acts. This being the case, we need not consider the fourth characterization, alleging the assault by Robert as Bernice's agent was expected or intended by its nature, as such a finding might be "premature" (see *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 197, 355 N.E.2d 24, 30) and necessitate the consideration of the potential conflict of interest between insurer and insured (see *Thornton v. Paul* (1978), 74 Ill. 2d 132, 152, 384 N.E.2d 335, 343), an issue raised at no point in these proceedings. Therefore we find, on the basis of the pleadings, the occurrence at bar was neither "expected nor intended" and plaintiff has a duty to defend this count.

Count II of the complaint alleges in pertinent part:

"3. That at all times the Defendant, BERNICE McLEAN, owned and occupied said premises, a portion of which was occupied by the tavern or dram shop last above described, and this Defendant operated a tavern therein and knowingly offered for sale and sold alcoholic liquors to the public; that on or about the 5th day of March, 1977, said Tavern Keeper, personally or by and through her agents, servants and employees, sold, served and gave large quantities of alcoholic beverages to one ROBERT McLEAN at her tavern above described and that the said ROBERT McLEAN thereupon consumed and drank said liquors and thereby became intoxicated.

4. Thereafter on the last mentioned date while so intoxicated and as a result thereof, the said ROBERT McLEAN maliciously and wantonly assaulted and beat Plaintiff.* * *"

Plaintiff contends that it is an inescapable conclusion that it has no duty to defend this count as Robert McLean was employed by or acting on behalf of Bernice McLean. The relevant portion of plaintiff's liquor liability policy provides:

"* * * If the Insured is a licensee, this policy does not cover any loss * * * resulting from the selling or giving by the Insured of alcoholic liquor to any persons employed by or acting on behalf of the Insured. * * *"

Plaintiff advances a valid contention in the event it is alleged that Robert McLean was employed by or acting on behalf of Bernice McLean;

however, this is not the case. Plaintiff argues the allegation of employment in count I is a conclusive judicial admission as to count II. Where a party has pleaded separate counts against various defendants but has not pleaded in the alternative, there is no rule which requires the court to consider each count in isolation and ignore facts pleaded in other counts. (*Cf. Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131.). Section 43(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 43(2)) does, however, allow alternative pleadings, and alternative fact allegations made in good faith and based on genuine doubt are not admissions against interest so as to be admissible in evidence against the pleader. (*E.g., Carr v. Shirland Township* (1978), 66 Ill. App. 3d 1033, 384 N.E.2d 449; *Olson v. Weingard* (1966), 77 Ill. App. 2d 274, 222 N.E.2d 24; *McCormick v. Kopmann* (1959), 23 Ill. App. 2d 189, 161 N.E.2d 720.) We therefore find, on the basis of the pleadings, that Robert McLean was not an employee or acting on behalf of Bernice McLean and Plaintiff has a duty to defend this count.

■■ Defendant also contends that plaintiff is estopped from raising policy defenses as it has afforded the McLeans a defense in the underlying action. As the necessary factual basis for the determination of this issue is not contained in the record, we are precluded from its consideration. *E.g., Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.

■■ We note our holding as to the two counts of the underlying complaint is that plaintiff has a duty to defend the McLeans based upon that pleading. Throughout this litigation the parties have framed their dispute in terms of a dual duty to defend and indemnify. We note the trial court phrased its oral ruling in terms of "coverage" and its written order of March 13, 1979, stated plaintiff "must defend and make payments to settle or satisfy any judgment." The duty of an insurer to defend is separate and distinct from, and is broader than, its duty to indemnify its insured. (See, *e.g., Sheppard, Morgan & Schwaab, Inc. v. United States Fidelity & Guaranty Co.* (1976), 44 Ill. App. 3d 481, 483-84, 358 N.E.2d 305, 307; *Sprayregen v. American Indemnity Co.* (1969), 105 App. 2d 318, 245 N.E.2d 556; *McFadyen v. North River Insurance Co.* (1965), 62 Ill. App. 2d 164, 170, 209 N.E.2d 833, 836.) We wish to emphasize that nothing we have expressed in this opinion should be considered as determining the question of indemnity, and the trial court's decision is vacated insofar as it makes this determination.

Accordingly, the declaratory judgment of the circuit court of Putnam County finding a duty to defend is affirmed and its judgment finding a duty to indemnify is vacated.

Affirmed in part; vacated in part.

BARRY and SCOTT, JJ., concur.