STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee, v. BEATRICE ROSENBERG, Defendant-Appellant.

First District (3rd Division)   No. 1—00—1960

Opinion filed February 28, 2001.

Power Rogers & Smith, P.C., of Chicago (Thomas G. Siracusa, of counsel), for appellant.

Frank C. Stevens, of Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago, for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

The question in this case is whether the injuries sustained by Beatrice Rosenberg (Rosenberg) during a carjacking were covered under the uninsured motorist provision of her automobile insurance policy, issued by State Farm Fire and Casualty Company (State Farm). The trial court found the policy did not cover Rosenberg's injuries and granted summary judgment in favor of State Farm. Rosenberg appeals, contending the trial court erred in finding the policy did not cover her injuries and in denying her motion for summary judgment. We affirm.

## FACTS

State Farm issued an automobile insurance policy to Rosenberg in April 1996.

On December 9, 1996, Rosenberg got out of her 1995 Chevrolet Blazer and began walking through the parking lot of her workplace in Niles, Illinois. As she was walking, Frank Tripp approached her, waved a gun, and demanded her purse and car keys. After Rosenberg gave Tripp her purse and keys, he ordered her to get back into the Blazer on the passenger's side of the front seat. Tripp got into the driver's seat and drove the Blazer onto the Edens Expressway.

Once they were on the expressway, Tripp shot Rosenberg in the head and arm, opened the car door, and pushed her onto the expressway while the car was still moving. Rosenberg sustained injuries from the bullet wounds to her arm and head, as well as minor bruises and abrasions from being pushed out of the vehicle. Rosenberg filed a claim with State Farm under the uninsured motorist provision of her insurance policy. On June 29, 1998, State Farm filed a complaint for declaratory judgment seeking a determination that the uninsured motorist provision did not cover the injuries Rosenberg sustained during the carjacking incident.

Both parties filed motions for summary judgment. The trial court found the uninsured motorist provision of Rosenberg's policy did not cover her injuries because the injuries sustained by Rosenberg were not the kinds of injuries that are normally associated with the ownership, use, or maintenance of a vehicle. The court granted State Farm's motion for summary judgment and denied Rosenberg's motion.

### DECISION

■ Rulings on summary judgment motions are subject to *de novo* review. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204 (1992). Summary judgment is proper only if the pleadings, depositions, admissions, affidavits, and other relevant matters on file show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Smith v. Tri-R. Vending*, 249 Ill. App. 3d 654, 657, 619 N.E.2d 172 (1993). Where both parties have filed motions for summary judgment, they agree that only a question of law is presented and invite the court to decide the issues on the record. *Laycock v. American Family Mutual Insurance Co.*, 289 Ill. App. 3d 264, 266, 682 N.E.2d 382 (1997).

■ Insurance polices are contracts and should be construed as other contracts are construed. *General Insurance Co. of America v. Robert B. McManus, Inc.*, 272 Ill. App. 3d 510, 514, 650 N.E.2d 1080 (1995). If the provisions of a policy are clear and unambiguous, they must be given their plain and ordinary meaning. *Laycock*, 289 Ill. App. 3d at 267.

■ The applicable provision of the automobile insurance policy issued to Rosenberg by State Farm says:

## "UNINSURED MOTOR VEHICLE—COVERAGE U
* * *

> We will pay damages for **bodily injury** an **insured** is legally entitled to collect from the owner or driver of an **uninsured motor vehicle**. The **bodily injury** must be sustained by an **insured** and caused by accident arising out of the operation, maintenance or use of an **uninsured motor vehicle**."

Because Tripp was not an insured driver under the policy, Rosenberg's car is considered an "uninsured motor vehicle" for purposes of this provision. *Barnes v. Powell*, 49 Ill. 2d 449, 454-55, 275 N.E.2d 377 (1971). State Farm agrees.

Neither party disputes that the injuries arose from an "accident." Instead, the dispute centers around whether the accident arose out of the "operation, maintenance or use of [the] uninsured motor vehicle." Rosenberg contends her injuries were the direct and proximate result of the use of her car. She reasons the injuries would not have occurred but for Tripp's desire to steal the vehicle. Rosenberg also asks us to find that injuries sustained during a carjacking are a type of risk contemplated by the parties to an auto insurance policy.

Rosenberg relies on *Dyer v. American Family Insurance Co.*, 159 Ill. App. 3d 766, 512 N.E.2d 1071 (1987). In *Dyer*, the plaintiff and her friend were sitting in the friend's car when a man opened the driver's door, brandished a knife, and ordered them to move to the passenger's side of the car. The abductor drove out of the parking lot and headed toward Wisconsin at a high rate of speed. Two police cars began chasing the vehicle. The abductor tried to elude them. During the high-speed chase, the passenger-side door of the car flew open. The plaintiff's legs were hanging out of the vehicle as the abductor continued to drive. The plaintiff sustained injuries as a result of the wild manner in which the abductor drove while her legs were hanging out of the car.

At the time of the accident, the plaintiff was living with her father and qualified as an "insured" under the terms of his automobile insurance policy. The plaintiff made a claim under the uninsured motorist provision of her father's policy. That provision said:

> "We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
>
> 1. Sustained by a covered person; and
>
> 2. Caused by an accident." *Dyer*, 159 Ill. App. 3d at 769.

When her insurance company refused coverage, the plaintiff filed a declaratory judgment action against it. The trial court granted the plaintiff's motion for summary judgment, finding she was entitled to

coverage under this provision of the policy. The defendant appealed, contending the plaintiff's injuries were not covered under the policy because they were the result of the kidnapper's intentional acts and were not "caused by an accident." The appellate court affirmed the trial court's decision, finding the injuries were "unforeseen, unintended, and unexpected from the plaintiff's point of view" and therefore accidental. *Dyer*, 159 Ill. App. 3d at 773-74.

This case differs from *Dyer* in two respects: first, the policy language in this case is more restrictive. The language of the policy does not simply require an "accident," as it did in *Dyer*. It requires an "accident [that arose] out of the operation *** or use" of the car. Second, the injuries in *Dyer* were the direct result of the manner in which the uninsured motor vehicle was driven. A causal connection existed between the operation of the uninsured vehicle and the plaintiff's injuries.

Here, the injuries sustained by defendant were the result of gunshot wounds inflicted by Tripp before he pushed defendant out of the vehicle. There was no direct connection between the injuries Rosenberg seeks compensation for and the operation or use of her vehicle. The "accident" in this case did not arise out of the manner in which the uninsured vehicle was being driven, as it did in *Dyer*.

In cases analyzing insurance policies with language similar to that found in Rosenberg's policy, coverage was denied where the insured could not prove a causal connection existed between the use or operation of the vehicle and the insured's injuries. See *Laycock*, 289 Ill. App. 3d at 268; *Aryainejad v. Economy Fire & Casualty Co.*, 278 Ill. App. 3d 1049, 663 N.E.2d 1107 (1996); *Country Cos. v. Bourbon*, 122 Ill. App. 3d 1061, 1065-66, 462 N.E.2d 526 (1984); *Curtis v. Birch*, 114 Ill. App. 3d 127, 131, 448 N.E.2d 591 (1983).

In *Curtis*, the appellate court was asked to determine whether an uninsured motorist provision in an automobile insurance policy covered the shooting death of a passenger in one car caused by shots allegedly fired by a driver of a second, uninsured car. The court said:

> "Those few cases which have allowed an insured to recover, under an uninsured motorist's provision of an auto insurance policy for intentional acts of the uninsured or unknown driver, involved injuries caused by the use of the auto as the instrumentality of the resultant injuries. ***
>
> *** [Here,] [t]he instrumentality of the victim's injuries was a hand gun. *** The fact that the assailant was in a car at the time was merely incidental." *Curtis*, 114 Ill. App. 3d at 131.

In *Bourbon*, the policy included language similar to that used in Rosenberg's policy, but the injuries unquestionably resulted from an

accident arising out of the use or operation of the uninsured vehicle. *Bourbon*, 122 Ill. App. 3d at 1065. There, the driver of the uninsured vehicle chased the insured, bumped his car, pulled ahead of the insured's vehicle, then turned around and drove directly at him.

When the insured tried to avoid hitting the uninsured driver, he lost control of his car, flipped it three times, and sustained the injuries for which he sought compensation. The appellate court found the insured was entitled to coverage under the uninsured motorist provision of his policy, but explicitly distinguished *Curtis*, noting that in *Curtis* the car was not the "instrumentality" of the insured's injuries. *Bourbon*, 122 Ill. App. 3d at 1065-66. Coverage was found because the insured's injuries arose out of an accident caused by the manner in which the uninsured vehicle was being driven. *Bourbon*, 122 Ill. App. 3d at 1065 (accident arose out of physical contact between vehicles).

In *Aryainejad*, the appellate court explicitly precluded coverage in cases involving injuries arising out of a physical assault. *Aryainejad*, 278 Ill. App. 3d at 1054-55. In that case, the accident was caused when the insured swerved to avoid hitting the driver of the uninsured vehicle, who was walking in the middle of a traffic lane on the interstate after his car ran out of gas. The court noted that the injuries to the insured arose out of the use of the uninsured vehicle and found coverage under the policy, but also said:

> "We agree that an automobile must do more than merely transport a person to the site where an accident occurs for coverage to apply and that an assault by the driver of a vehicle is an act which is independent and unrelated to the ownership, maintenance or use of a vehicle. Regardless of whether a vehicle creates a condition that leads to an assault, injuries resulting from an assault are not a normal or reasonable consequence of the use of a vehicle. In other words, because physical altercations are not reasonably consistent with the inherent nature of the vehicle, they are not risks for which the parties to automobile insurance contracts would reasonably contemplate there would be coverage." *Aryainejad*, 278 Ill. App. 3d at 1054-55.

The appellate court applied this reasoning in *Laycock*. In *Laycock*, plaintiff's son, Steven, was involved in a near automobile collision with another driver. The driver of the other car got out of his vehicle and beat Steven on the face, head, neck, and eyes through Steven's open window. Plaintiff sought compensation for his son's injuries under the uninsured motorist provision of his automobile insurance policy.

The appellate court affirmed the trial court's entry of summary judgment in favor of the insurance company and said:

750

"While the words 'arising out of' have been interpreted broadly to mean originating from, incident to, or having a causal connection with the use of the vehicle [citation], the act of leaving the vehicle and inflicting a battery is an event of independent significance that is too remote, incidental, or tenuous to support a causal connection with the use of the vehicle despite the fact that the vehicle was used to stop and trap another vehicle.

\*\*\*

\*\*\* [A]n assault by the driver of a vehicle is an act that is independent of and unrelated to the use of a vehicle and is not a normal or reasonable consequence of the use of a vehicle." *Laycock*, 289 Ill. App. 3d at 268-69.

The same analysis has been used in cases in which the insureds sought coverage under the liability provisions of their auto insurance policies. See *State Farm Mutual Automobile Insurance Co. v. Pfiel*, 304 Ill. App. 3d 831, 837, 710 N.E.2d 100 (1999) (liability coverage denied where insured's son murdered 13-year-old girl inside car because liability arose from "nonvehicular conduct"); *United States Fidelity & Guaranty Co. v. Jiffy Cab Co.*, 265 Ill. App. 3d 533, 539, 637 N.E.2d 1167 (1994) (use of cab too remote, incidental, or tenuous to support liability coverage where cab driver stabbed passenger during altercation).

Based on the cases discussed above, we find Rosenberg's injuries did not arise out of the operation or use of her car. As in *Curtis*, the "instrumentality" of Rosenberg's injury was a handgun, not the uninsured vehicle. Rosenberg's gunshot wounds occurred independently of the "operation" or "use" of the vehicle. Because Rosenberg's policy allows coverage only for injuries that occurred during an accident that arose out of the operation or use of the vehicle, the plain language of the uninsured motorist provision in Rosenberg's auto insurance policy precludes coverage for the injuries sustained during the carjacking.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CERDA and BURKE, JJ., concur.