**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2009[*]
Decided December 22, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2705

| | |
|---|---|
| MARY CATHERINE T. STEPHENS, <br>     *Plaintiff-Appellant*, <br><br>     *v.* <br><br> HOOK-SUPERX and MUTUAL <br> PHARMACEUTICAL CO., <br>     *Defendants-Appellees*. | Appeal from the United States District <br> Court for the Northern District of Illinois, <br> Western Division. <br><br> No. 06 C 50177 <br><br> Frederick J. Kapala <br> *Judge*. |

**O R D E R**

Mary Stephens contracted a potentially fatal skin condition after taking a prescription drug. She brought this negligent failure-to-warn action in Illinois state court against the manufacturer of the drug and the pharmacy that filled the prescription. The defendants removed the case to the district court, which ultimately granted the defendants' motion for summary judgment, concluding that Stephens did not raise a genuine fact issue regarding a breach of duty. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(A)(2).

As the district court explained, Stephens failed to comply with Northern District of Illinois Local Rule 56.1(b)(3) by failing to oppose summary judgment with a response identifying any dispute with the defendants' statement of material facts. Because Stephens did not do so, the court enforced Local Rule 56.1(e) by accepting the defendants' statement of facts as true. According to the defendants, Stephens had developed a urinary tract infection for which Dr. Hy Young Song prescribed the antibiotic Bactrim. Dr. Song phoned in the prescription to a CVS pharmacy owned by defendant Hook-SupeRx. CVS filled the prescription with Bactrim's generic equivalent, Sulfatrim, which is manufactured by defendant Mutual Pharmaceutical. Stephens took Sulfatrim for more than a week, and then developed skin rashes and swelling in and around her mouth. She sought treatment at a hospital, where, after her condition turned critical, she was diagnosed with Stevens-Johnson Syndrome ("SJS"), a severe skin disease typically caused by an adverse reaction to drugs.

Since it began manufacturing Sulfatrim in the 1980s, Mutual has packaged the drug with an insert listing SJS as a rare but possible side effect. Dr. Song, who has since retired, testified that she regularly prescribed antibiotics like Bactrim and Sulfatrim to treat urinary tract infections. She said that before prescribing the drugs, she made a practice of reading about possible side effects in sources such as the Physicians Desk Reference, and she acknowledged that she knew SJS was a rare but possible side effect when she prescribed Sulfatrim for Stephens.

Stephens filed a two-count negligence complaint. The first count alleged that CVS failed to warn her of the risks of Sulfatrim before filling Dr. Song's prescription. The second count claimed that Mutual's labeling of the drug was inadequate to inform her and Dr. Song of the drug's dangerous propensities.

In granting summary judgment for the defendants, the district court analyzed Stephens's claim under the learned intermediary doctrine. According to that doctrine, drug manufacturers have a duty to warn prescribing physicians about the risks of prescription drugs. If they satisfy that duty, they can then rely on doctors to pass along the warnings to consumers. See *Kirk v. Michael Reese Hosp. and Med. Ctr.*, 513 N.E.2d 387, 392 (Ill. 1987). Accordingly, a manufacturer can protect itself from a failure-to-warn claim by showing that it adequately informed physicians of the risk associated with a prescription drug. *Hansen v. Baxter Healthcare Corp.*, 746 N.E.2d 35, 42 (Ill. 2002). The same showing will shield a pharmacist from liability. See *Kennedy v. Medtronic, Inc.*, 851 N.E.2d 778, 784 (Ill. App. Ct. 2006) (holding that a pharmacy's duty to warn is ordinarily coextensive with that of a prescription drug manufacturer); *Fakhouri v. Taylor*, N.E.2d 518, 519-20 (Ill. App. Ct. 1993)). The district court concluded that there was no genuine dispute that Dr. Song understood

the relationship between Sulfatrim and SJS.  Dr. Song, the court found, had become familiar with the product over three decades of practice.  In addition to reading the drug's label, she regularly consulted the Physician's Desk Reference and relevant medical journals, and she testified that she weighed the risks of SJS and other side effects when she called in the prescription for Stephens.  Accordingly, the court concluded that the defendants had satisfied their duty to warn under the learned intermediary doctrine.

On appeal Stephens argues that the district court erred by focusing its review on a single side-effect, SJS, while disregarding her claims that she also suffered from "nerve damage / neuropathy."  Stephens argues that the court should not have relied exclusively on the defendants' version of the facts, and that it erred by refusing to consider additional facts showing that the defendants failed to warn of the risks of nerve damage.  However, a district court does not abuse its discretion when, as here, it penalizes a litigant for noncompliance with Local Rule 56.1 and disregards additional facts that a litigant has proposed.  See *Cichon v. Exelon Generation*, 401 F.3d 803, 809-810 (7th Cir. 2005); *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1313 (7th Cir. 1995).

Stephens also contends that the district court erred by resolving the case on summary judgment because, she insists, a genuine fact issue remains for the jury— whether Mutual's labeling of Sulfatrim adequately warned about the risks of nerve damage.  But Stephens forfeited any claim about nerve damage when she failed to respond to the defendants' statements of material fact.  See *Cichon*, 401 F.3d at 809-10.  And Stephens concedes that there is no genuine dispute that Dr. Song knew SJS was a potential side effect of Sulfatrim when she prescribed the drug.

Stephens's remaining arguments are meritless.  She renews assertions, first raised in her memorandum opposing summary judgment, that CVS negligently prescribed Sulfatrim knowing that she was allergic to one of the drug's active ingredients.  But she made no such allegation in her complaint, so the claim was understandably not addressed.  Stephens also argues that the district court erred by failing to grant her leave to amend her complaint.  But Stephens never sought leave at any point in the proceedings to amend her complaint.  A party may not request leave to amend a complaint after a final judgment unless the judgment has been vacated.  *Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000).

Accordingly, we AFFIRM the district court's judgment.